**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
MARCH 16, 2023

_González, C.J._
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
MARCH 16, 2023

ERIN L. LENNON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) | No. 100154-1 |
| | ) | |
| JONATHAN PAUL PITCHLYNN, | ) | En Banc |
| | ) | |
| Petitioner. | ) | |
| | ) | Filed: March 16, 2023 |

JOHNSON, J.—This case concerns an untimely personal restraint petition that the petitioner alleges is exempt from the one-year time bar under RCW 10.73.100(5) because the judgment and sentence was imposed in excess of the trial court's jurisdiction. We ordered a reference hearing to resolve a material factual dispute. Based on the factual findings, we conclude the trial court had jurisdiction to enter the judgment and sentence. Accordingly, we dismiss petitioner's personal restraint petition as untimely.

## FACTS AND PROCEDURAL HISTORY

In 2018, Jonathan Paul Pitchlynn pleaded guilty to third degree rape, indecent liberties without forcible compulsion, third degree assault, felony harassment, and unlawful imprisonment. He filed this second personal restraint

*In re Pers. Restraint of Pitchlynn*, No. 100154-1

petition more than one year after his judgment and sentence became final, arguing

it is exempt from the time bar under RCW 10.73.100(5) because the trial court

lacked jurisdiction to enter the judgment and sentence. Pitchlynn alleged the trial

court lacked jurisdiction because the third degree rape count (count 5) was based

on conduct that occurred in Oregon.

The Court of Appeals recognized this second petition was successive under

RCW 10.73.140, but because it was potentially exempt from the one-year time

limit on collateral relief on the basis that the trial court may have lacked

jurisdiction, the court transferred the petition to this court, where it was not barred

as successive. Ord. Transferring Pet. to Wash. Sup. Ct., *In re Pers. Restraint of*

*Pitchlynn*, No. 55320-1-II (Wash. Ct. App. Aug. 31, 2021).

The Washington Supreme Court Commissioner's Office called for a

response from the State to admit or deny the allegation that one of the sex offenses

to which Pitchlynn pleaded guilty was predicated on an incident that occurred in

Oregon. The State filed a brief agreeing count 5 was based on the Oregon incident,

thus conceding the trial court lacked jurisdiction to enter judgment on that offense.

It then "offer[ed] no additional argument as to the propriety of Pitchlynn's petition

*In re Pers. Restraint of Pitchlynn*, No. 100154-1

or its timeliness under RCW 10.73.100(5)" and stated the "remaining issue is the proper remedy." Suppl. Br. of Resp't at 4.

We granted review of this petition to determine the proper remedy where a trial court lacked jurisdiction over one count in a multi-offense, indivisible plea agreement. Pitchlynn argued the only proper remedy is to allow him to withdraw his entire indivisible plea agreement. The State requested we remand to the trial court to determine the proper remedy after considering whether compelling reasons exist to deny the petitioner's initial choice of remedy.

After we accepted review, the State retracted its prior admission that the trial court lacked jurisdiction. It filed a second declaration pursuant to RPC 3.3(c) "to correct and clarify false statements of fact" in the State's initial filing. Second Decl. of Senior Deputy Prosecuting Att'y Luka Vitasovic Submitted Pursuant to [RPC] 3.3(c) (Second Decl.) at 2. In that declaration, it asserted that "[w]hile preparing for this case and reviewing Pitchlynn's first personal restraint petition, [the prosecutor] encountered information that contradicted the declaration and, as a result, [the prosecutor's] admission." Second Decl. at 1. In this second declaration, and contrary to assertions made in the first declaration, Senior Deputy Prosecuting

3

*In re Pers. Restraint of Pitchlynn*, No. 100154-1

Attorney Vitasovic asserted they do not believe Pitchlynn pleaded guilty to any crime based on conduct alleged to have occurred in Oregon.

In order to clarify the record, we ordered a reference hearing pursuant to RAP 16.12 to determine whether count 5 was based only on conduct that occurred in Oregon. The Clark County Superior Court held a reference hearing and, after hearing testimony and reviewing the record, entered findings of fact. The superior court found count 5 of the judgment and sentence is a conviction for rape in the third degree—domestic violence, and count 5 was not based solely on conduct that occurred in the state of Oregon. The court found the evidence reflects count 5 was based on conduct that occurred in Washington State.

## ANALYSIS

RCW 10.73.090(1) requires that a personal restraint petition be filed within one year of the judgment becoming final. Pitchlynn's judgment and sentence became final on May 14, 2018. *See* RCW 10.73.090(3)(a). He filed this second petition on August 19, 2020, more than one year after his judgment and sentence became final. Unless he shows that his judgment and sentence is facially invalid or that one of the exceptions to the time bar contained in RCW 10.73.100 applies to his petition, it is time barred. Pitchlynn argues his petition is exempt from this time bar under RCW 10.73.100(5), which provides the one-year time limit does not apply where the sentence was imposed in excess of the trial court's jurisdiction.

4

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Pitchlynn argued that because count 5 was based on conduct in Oregon, the trial court lacked jurisdiction to enter the judgment and sentence.

Based on the superior court's finding that count 5 was based on conduct in Washington, Pitchlynn's judgment and sentence was not entered in excess of the trial court's jurisdiction. Accordingly, his untimely petition is not exempt under RCW 10.73.100(5).

## CONCLUSION

We dismiss the personal restraint petition as untimely.

_____
Johnson, J.

WE CONCUR:

_____
González, C.J.

_____
Gordon McCloud, J.

_____
Madsen, J.

_____
Yu, J.

_____
Owens, J.

_____
Montoya-Lewis, J.

_____
Stephens, J.

_____
Whitener, J.

5